```
           IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**CHRISTOPHER O. WELCH,**

                **Petitioner,**

       v.                                    CASE NO. 05-3260-RDR

**E. J. GALLEGOS,**

                **Respondent.**

### O R D E R

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. 2241 by a prisoner at the United States Penitentiary, Leavenworth, Kansas. Petitioner proceeds pro se, and the court grants leave to proceed in forma pauperis.

Petitioner was convicted in the United States District Court for the Southern District of Mississippi in 1997 pursuant to his plea of guilty. He did not pursue a direct appeal; however, he sought post-conviction relief in an action filed pursuant to 28 U.S.C. 2255. A request to file a successive petition was denied in 2001.

In this action, petitioner contends the district court lacked subject matter jurisdiction. This claim challenges the validity of petitioner's conviction.

Petitions filed pursuant to 28 U.S.C. 2241 and 28 U.S.C. 2255 have distinct purposes. "A petition under 28 U.S.C. 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). In contrast, "[a] 28 U.S.C. 2255 petition attacks the legality of detention...and must be filed in the district that imposed the sentence." Id. (citation omitted). A 2255 petition is "[t]he exclusive remedy for testing the validity of a judgment and sentence" unless it is found to be inadequate or ineffective. Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965). If the remedy provided by section 2255 fails to adequately test the legality of a prisoner's confinement, the prisoner may pursue relief under section 2241. See 28 U.S.C. 2255. However, the fact that a prisoner failed to obtain relief in an earlier action under section 2255 is not sufficient to establish that the remedy is inadequate or ineffective. Bradshaw, 86 F.3d at 166.

Having considered the record, the court finds the petitioner's claim is one which must be presented under section 2255. The record does not present any persuasive argument that the remedy under section 2255 is inadequate or ineffective, and the court concludes this matter must be dismissed.

IT IS THEREFORE ORDERED petitioner's motion for leave to

proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED the petition is dismissed.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED:  This 5th day of July 2005, at Topeka, Kansas.


S/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge